UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATALIE M. SWAIN,

        Plaintiff,

v.                                                          Case No. 8:20-cv-512-T-35AEP

CJS LEGAL SERVICES, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's Motion for Attorney Fees (Doc. 23). By the Motion, Plaintiff seeks an award of $5,215.00 in attorney's fees. Upon consideration, the undersigned recommends that Plaintiff's Motion (Doc. 23) be granted in part and denied in part.

### I.      Background

On March 4, 2020, Plaintiff filed her Complaint against Defendant, CJS Legal Services, Inc., alleging violations of the Driver Privacy Protection Act, 18 U.S.C.A. § 2721 ("DPPA"). Plaintiff alleges that Defendant disclosed her personal information to the public in violation of the DPPA and as a result, Plaintiff sustained damages under 18 U.S.C.A. § 2724. On June 18, 2020, counsel for Defendant filed a motion to withdraw as counsel for CJA Legal Services, Inc. (Doc. 13). On July 1, 2020, the Court granted the motion and directed that the parties hold a case management conference and for Defendant to enter an appearance in this action and obtain counsel by July 20, 2020. The Court noted that if Defendant failed to obtain counsel, Plaintiff could move for clerk's default. Defendant did not obtain new counsel, file an Answer, or otherwise defend the case. Subsequently, on July 22, 2020, Plaintiff filed a Motion for Clerk's

Default (Doc. 18) and the Court entered default against Defendant (Doc. 19). Plaintiff then moved for entry of default judgment (Doc. 20) of which the Court granted against Defendant in the total amount of $2,945.00, which included $2,500.00 for liquated damages and $445.00 for reimbursement of costs, and reserved jurisdiction to determine the amount of attorneys' fees to be awarded to Plaintiff. (Doc. 21, at 4). On September 8, 2020, Plaintiff filed the instant motion for attorney's fees seeking $5,215.00 in fees. Upon due consideration of the record, it is recommended that Plaintiff's Motion for Attorney's Fees (Doc. 23) be granted in part and denied in part.

## II.     Discussion

As the prevailing party under 18 U.S.C.A. § 2724(b)(3), Plaintiff is entitled to reasonable attorneys' fees and other litigation costs reasonably incurred. To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended.[1] *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Housing*

---

[1]When calculating the reasonably hourly rate and the number of compensable hours that are reasonable, courts in the Eleventh Circuit are guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Norman*, 836 F.2d at 1299 (noting that the *Johnson* factors may still "be considered in terms of their influence on the lodestar amount"); *see Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (*per curiam*) ("In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson* . . . ."); *see Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (*per curiam*) (stating that "[a]lthough its balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate"); *see also Hensley*, 461 U.S. at 434 n.9 (noting many of the *Johnson* factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate"). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

*Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining this lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *See Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman,* 836 F.2d at 1303 (citation omitted).

### A.      Reasonable Hourly Rate/Reasonable Hours Expended

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Here, Plaintiff

seeks compensation for 14.9 hours expended by attorneys G. Tyler Bannon and Aaron M. Swift at an hourly rate of $350.00 each. According to their affidavits, G. Tyler Bannon has been practicing consumer protection law for over seven years and Aaron M. Swift has been practicing consumer protection law for approximately nine years. (Doc. 23-1). Notably, however, a reasonable hourly rate in the Tampa market aligns more closely to $300.00. *Finley v. Crosstown Law, LLC*, Case No. 8:14-cv-2541-T-30MAP, 2015 WL 2402461, at *2 (M.D. Fla. May 20, 2015)(awarding an hourly rate of $300.00, finding that the requested hourly rate of $350.00 did not comport with the hourly rates in the Middle District of Florida surrounding consumer protection cases)(citing *Walker v. Ruben & Rosenthal, Inc.,* 6:13-CV-798-ORL-18, 2013 WL 5720248, at *7 (M.D. Fla. Oct. 21, 2013)(finding "rates of $300 for partner level work, $175 for associate work, and $100 for paralegal services are reasonable for consumer protection litigation in this district"); *see also Westlake v. Atlantic Recovery Solutions, LLC,* Case No. 8:15-cv-1626-T-33TBM, 2016 WL 279439, at *3 (M.D. Fla. Jan. 22, 2016)(finding an $250.00 hourly rate appropriate in consumer protection case). Additionally, this case did not involve complicated issues, especially given that the merits of the claims did not come into issue. *See e.g. Sclafani v. I.C. Sys. Inc.*, Case No. 9-60174-CIV, 2010 WL 1029345, at *4, (S.D. Fla. Mar. 18, 2010)(finding "no support for the $350.00 hourly rate requested in consumer protection case based on the finding that "the case was not novel or difficult"). Therefore, the undersigned recommends attorney's G. Tyler Bannon and Aaron M. Swift's hourly rates be reduced from $350.00 to $300.00.

Further, the Court finds that 14.9 hours expended for this action is unreasonable given the history of this case. Specifically, Plaintiff filed her complaint and only four other motions in this action: motion for extension, entry of clerk's default, entry of default judgment, and the instant motion for attorney's fees, all of which appear to follow a standard template that did not

4

require extensive research on behalf of Plaintiff's counsel. Therefore, it was unreasonable for each attorney to expend numerous hours on these simple motions, especially given that both attorneys have several years of experience in consumer protection law. (*See* Doc. 23-1). Additionally, and most importantly, Plaintiff has failed to provide the billing records associated with this case for the Court to review.  As such, the undersigned recommends that Plaintiff's hours be reduced from 14.9 hours to 10.0 hours with both attorneys, G. Tyler Bannon and Aaron M. Swift, expending 5.0 hours each, for a total attorney's fee award of $3,000.00 (10.0 X $300.00).

RECOMMENDED:

1.   Plaintiff's Motion for Attorney Fees (Doc. 23) be GRANTED IN PART AND DENIED IN PART and Plaintiff be awarded fees in the amount of $3,000.00.

IT IS SO REPORTED in Tampa, Florida, on this 15th day of October, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. Section 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

cc:    Hon. Mary S. Scriven
       Counsel of Record